60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Hershel BUMBALOUGH, Plaintiff-Appellant,
v.
TRUCK DRIVERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS UNION,
LOCAL 707 and Transportation Unlimited, Inc., a
foreign corporation, Defendants-Appellees.
 No. 94-5555.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hershel Bumbalough appeals from the district court's grant of summary judgment in his hybrid Section 301 action alleging that Transportation Unlimited violated the collective bargaining agreement under which he worked and that Truck Drivers, Chauffeurs, Warehousemen, and Helpers Union, Local 707 breached its duty of fair representation. For the following reasons, we affirm the district court.
 
 
 2
 Bumbalough was a truck driver employed by Transportation Unlimited to haul Saturn automobiles from Springhill, Tennessee to other parts of the country. Bumbalough's employment was governed by a collective bargaining agreement between Transportation Unlimited and the Union. That agreement provides that drivers must report all accidents promptly, and immediately in the case of major accidents or those involving personal injury. A failure to report an accident promptly, regardless of its severity, is a basis for automatic discharge under the agreement. Work Rules 1(c).
 
 
 3
 Bumbalough was involved in two accidents while employed by Transportation Unlimited. On July 22, 1991, the sun roof on one of the cars being hauled by Bumbalough was damaged. Bumbalough claims he tried to report the accident immediately, but his call to the dispatcher went unanswered. He reported the accident promptly the next morning. This was a major chargeable accident for which he received a three day suspension that he chose not to contest. On October 4, Bumbalough's truck struck a dumpster in a parking lot; this was a minor chargeable accident which Bumbalough did not report until he returned to the Saturn plant in Tennessee on October 8. On the same day, because of his delay in reporting this accident, and because of his other accident, Bumbalough was terminated.
 
 
 4
 Bumbalough filed a grievance over his discharge. A hearing was held November 26 at which Bumbalough's reading and writing abilities were discussed. Although Bumbalough understood that he was to be reinstated, this was not the case. According to the written correspondence regarding that hearing, a decision as to his reinstatement was "held in abeyance." Bumbalough agreed to improve his reading skills by March 31 and took classes to improve both his reading and writing skills. These classes were paid for with funds raised by the Union. Afterwards, Transportation Unlimited tested Bumbalough on several occasions. These tests required him to complete a "Driver's Vehicle Inspection Report" and a "Vehicle Delivery Receipt and Inspection Report." When Bumbalough had to read the written instructions, he needed fifteen minutes per page to complete the forms. On a second test in April, beyond the initial deadline given to improve his education, the instructions were read to Bumbalough instead. Still, he had trouble reading and completing the test. On May 13, Bumbalough failed a third time and was told that he could not reapply for employment.
 
 
 5
 Bumbalough did not file another grievance challenging Transportation Unlimited's decision to not reinstate him based on his test results. Instead, on September 30, 1992, he filed suit in the district court pursuant to 29 U.S.C. Sec. 185 and 28 U.S.C. Secs. 1331 and 1337, asserting a hybrid Section 301 claim against the Union and Transportation Unlimited. In July 1993, both defendants moved for summary judgment; on March 14, 1994, a magistrate recommended granting their motions. The magistrate found that Bumbalough had not exhausted the available grievance procedures, that Transportation Unlimited's decision to terminate him did not violate the contract, and that the Union did not breach its duty of fair representation. On March 31, the district court adopted the magistrate's report and granted summary judgment against Bumbalough, who now appeals that decision.
 
 
 6
 We review a grant of summary judgment de novo. Moore v. Holbrook, 2 F.3d 697, 698 (6th Cir.1993). All evidence is viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Finally, the mere existence of some disputed fact will not defeat summary judgment; the dispute must concern facts that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 7
 For Bumbalough to establish a colorable Section 301 claim there must be proof of both a breach of the collective bargaining agreement by Transportation Unlimited and a breach of the duty of fair representation by the Union. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990). Here, the collective bargaining agreement specifies that failure to report an accident promptly is a basis for automatic discharge. Bumbalough twice failed to report accidents as promptly as called for by Transportation Unlimited. Thus, Transportation Unlimited's decision to terminate Bumbalough did not violate the collective bargaining agreement as drafted and accepted by the employees. As to the Union, it "does not breach its duty of fair representation unless its conduct toward its members is arbitrary, discriminatory, or in bad faith." Linton v. United Parcel Service, 15 F.3d 1365, 1369 (6th Cir.1994) (citing Vaca v. Sipes, 386 U.S. 171, 190 (1967)). Further, "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65, 67 (1991) (citation omitted). Therefore, the Union's actions in this case were not arbitrary; it did not respond to Bumbalough's requests in such a perfunctory manner as to be unreasonable or irrational.
 
 
 8
 Sadly, this is a case where lack of an education and a limited learning capacity have cost Bumbalough his employment. However, despite this condition, the Union and Transportation Unlimited worked to an inordinate degree to avoid that result. Rather than simply terminate Bumbalough for violating the Work Rules, Transportation Unlimited allowed him time to improve his reading and writing skills and gave him several opportunities to demonstrate sufficient improvement to continue working. Regrettably, after three attempts to do so, Bumbalough was unable to improve his abilities and return to full employment. On appeal, Bumbalough asserts that a dispute exists as to whether, after his grievance hearing, he was reinstated outright or conditionally reinstated based on improving his literacy. He also challenges the test results and whether he actually failed them. We acknowledge that dispute. However, after the tests, Bumbalough failed to file a grievance over either the test results or the decision not to reinstate him at that point. Given this situation, the Union's decision not to pursue the matter further against Transportation Unlimited was neither arbitrary, discriminatory, nor in bad faith.
 
 
 9
 Therefore, we AFFIRM the decision of the district court granting summary judgment in favor of Transportation Unlimited and Truck Drivers, Chauffeurs, Warehousemen, and Helpers Union, Local 707.